UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JUHN SABLANDE,

                              PLAINTIFF,                  **COMPLAINT**

         -AGAINST-                                **ECF CASE**

NEW YORK CITY, POLICE OFFICER SEAN
KWALWASSER, and POLICE OFFICER BERNADETTE
ENCHAUTEGUI, individually, and in their capacity as
members of the New York City Police Department,

                              DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff Mr. Juhn Sablande ("Mr. Sablande") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about September 12, 2012, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Sablande to excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Mr. Sablande, is a 26-year old male.

7. Mr. Sablande is a lawful resident of the United States and at all times here relevant resided at 4526 48th Street, Apt. 4B, Woodside, Queens, 11377.

8. New York City is a municipal corporation organized under the laws of the State of New York.

9. Police Officer Sean Kwalwasser ("PO Kwalwasser"), and Police Officer Bernadette Enchautegui 2 ("PO Enchautegui"), at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

10. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

11. Mr. Sablande is a freelance stylist and an active volunteer in various organizations that support the rights of homosexual and transsexual individuals.

12. Prior to the incident in question, Mr. Sablande had never been arrested.

13. On or about September 11, 2012, Mr. Sablande was celebrating his birthday with two of his friends.

14. Mr. Sablande was wearing a dress and high heels to celebrate his birthday.

15. Mr. Sablande and his friends attended a rooftop party at a venue located at 48th Street and 9th Avenue.

16. Mr. Sablande then decided to go to the Standard Hotel to see the 9/11 light-memorial that was on display.

17. Mr. Sablande and his friends took a cab and exited at 14th Street.

18. As Mr. Sablande and his friends walked towards the Standard Hotel, they observed scaffolding outside a building located at the corner of 9th Avenue and 14th Street.

19. Mr. Sablande wanted to show his friends that he could do pull-ups.

20. Mr. Sablande grabbed hold of part of the scaffolding and began to do pull-ups.

21. After doing several pull-ups, Mr. Sablande and his friends carried on walking towards the Standard Hotel.

22. Mr. Sablande and his friends were then stopped by PO Kwalwasser.

23. PO Kwalwasser approached Mr. Sablande and stated in sum and substance "What are you doing little girl, give me your I.D."

24. Mr. Sablande responded in sum and substance " I did not do anything and I do not have to give you my I.D., you have no right to ask for my I.D."

25. PO Kwalwasser then threw Mr. Sablande against a large glass window.

26. Mr. Sablande began to cry from the pain of striking the large glass window.

27. PO Kwalwasser then yelled to PO Enchautegui, in sum and substance, "Get the little girl".

28. PO Enchautegui then pushed Mr. Sablande to the ground.

29. PO Kwalwasser and PO Enchautegui then punched and kicked Mr. Sablande multiple times about the face and body.

30. Mr. Sablande suffered cuts, scrapes and bruising to his face, knees, elbows, and back.

31. Mr. Sablande was bleeding from his face, knees, elbow and back.

32. Mr. Sablande was transported to the 10th Precinct for processing.

33. While at the 10th Precinct Mr. Sablande was transported to Bellevue Hospital to receive treatment for his injuries.

34. Mr. Sablande was then taken to Central Bookings.

35. On September 12, 2012, Mr. Sablande was arraigned and charged with Resisting Arrest, Criminal Possession of a Controlled Substance in the Seventh Degree, and Consumption of Alcohol in a Public Place.

36. In May of 2013, Mr. Sablande consented to an Adjournment in Contemplation of Dismissal, and in November 2013 all charges against Mr. Sablande will be dismissed and sealed.

37. Mr. Sablande continues to feel traumatized by the events of September 2012, and is wary and fearful when he sees police officers.

38. Mr. Sablande takes efforts to avoid police officers when in public.

39. Mr. Sablande suffered physical injuries as a result of this incident, including redness, swelling, bruising, bleeding and pain to his face, arms, legs, and back.

40. Mr. Sablande suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, loss of liberty, and financial loss.

## FIRST CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

41. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

42. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

43. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

44. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

45. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

46. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

47. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

48. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in plaintiff suffering a deprivation of liberty and a violation of his rights.

49. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

50. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for plaintiff's cause of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          August 7, 2013
                              By:            /    s    /

                              Duncan Peterson (DP 7367 )
                              PetersonDelleCave LLP
                              Attorney for Plaintiff
                              233 Broadway, Suite 1800
                              New York, NY 10279
                              (212) 240-9075